UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aimee Shaia, | ) | CASE NO. 1:21 CV 518 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon United States of America's Motion to Dismiss the Amended Complaint (Doc. 33). This is an action brought pursuant to the Federal Tort Claims Act (FTCA) arising out of injuries incurred by plaintiff. The issue here is whether the action was timely filed. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Aimee Shaia originally filed her Complaint on March 5, 2021, against defendants Jeffrey Holdeman and Officer Bryan Ortiz. She alleged the following. Holdeman, a Cleveland Metropolitan Housing Authority officer, and Ortiz, an Ohio Department of

1

Rehabilitation and Corrections parole officer, were assigned to/members of the U.S. Marshals Service (USMS) Northern Ohio Violent Fugitive Task Force when the incident at issue occurred. On March 6, 2019, plaintiff was a passenger in the car of an acquaintance, Kevin Walker, who was briefly residing with her. As plaintiff and Walker were backing out of the driveway of plaintiff's home, police officers suddenly surrounded the car. Defendants opened the passenger door and, without warning, pulled plaintiff out and forcefully threw her to the ground causing serious injury to her hip. Plaintiff set forth § 1983 claims for false detention and arrest, and excessive force. She also alleged a state law claim for negligence and reckless conduct.

On July 22, 2021, the United States moved to substitute itself in the stead of Ortiz and Holdeman as to the state law claim because these defendants were acting as federal agents at the time of the incident alleged in the Complaint. The government provided Certifications that Ortiz and Holdeman were acting within the scope of their employment and appointment as Special Deputy United States Marshals assigned to the United States Marshals Service's Northern Ohio Violent Fugitive Task Force (NOVFTF) at the time of the incident alleged in the Complaint. Several days later, Holdeman and Ortiz moved to dismiss the § 1983 claims because such an action cannot lie against federal officers who do not act under color of state law. On August 26, 2021, the parties stipulated to the voluntary dismissal of the individual defendants and the claims against them, and the substitution of the United States as the defendant on the state law claim pursuant to the Federal Tort Claims Act.

On September 9, 2021, the government moved to dismiss the sole claim for failure to state a claim on the basis that plaintiff had failed to comply with the statute which provides that a party may not file a claim under the FTCA "unless the claimant shall have first presented the

2

claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The government argued that plaintiff had failed to timely exhaust her administrative remedies prior to filing her Complaint in district court as required by the FTCA, pointing out that the Complaint was devoid of any factual allegations that she had complied with the prerequisite of exhausting her administrative remedies. The government noted that plaintiff had been advised of the administrative claim requirement on July 9, 2020, when the United States Marshals Service sent email correspondence to her counsel providing information on filing an administrative claim. The government provided the declaration of Jennifer Bryan who stated such and that plaintiff's counsel responded by email that day: "Thank you for your response, but my concern was to get the identities of the Task Force Members who committed excessive force against my client so I can file a civil rights claim in federal court, not necessarily a FTCA action, although that is a possibility." Additionally, on March 11, 2021, plaintiff's counsel emailed the USMS Office of General Counsel an SF-95 administrative tort claim (six days after filing the Complaint.)

An Amended Complaint was filed on September 15, 2021, against the United States of America under the Federal Tort Claims Act alleging a claim for "negligence-willful, wanton, reckless, and/or wrongful act or omission." The Amended Complaint alleges that plaintiff submitted an SF-95 administrative claim under 28 U.S.C. § 2675(a) to the U.S. Marshals Service through an email on March 11, 2021. As of September 11, 2021, the U.S. Marshals Service had failed to act on the claim.

This matter is now before the Court upon United States of America's Motion to Dismiss the Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

4

Defendant argues that the Amended Complaint fails to state a claim because plaintiff failed to timely exhaust her administrative remedies prior to filing her Complaint as required by the FTCA.[1] Specifically, the Complaint was filed on March 5, 2021, six days before plaintiff filed an administrative tort claim with the USMS on March 11, 2021. Thus, the administrative claim had not been, and could not have been, denied or deemed denied at the time the Complaint was filed. Additionally, the March 11, 2021 administrative claim was filed five days after the applicable statute of limitations expired on March 6, 2021. Plaintiff argues that equitable tolling should be applied so that her claim is not found to be time-barred. Defendant does not dispute that equitable tolling of a FTCA action is allowed[2], but argues that plaintiff has not demonstrated that it is applicable in this case.

In *Zappone v. United States*, 870 F.3d 551 (6th Cir. 2017)(internal citations omitted), the Sixth Circuit reiterated that

> in order to benefit from the FTCA's waiver [of sovereign immunity], a plaintiff must comply with two limitations periods. First, he must present an administrative claim "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).[3] Second, he must bring the FTCA claim "within six months after the

---

[1] Defendant also argues that the Court lacks subject matter jurisdiction over plaintiff's tort claim because the Amended Complaint fails to allege the six elements required by 28 U.S.C. §1346(b). *Brownback v. King,* 141 S.Ct. 740 (2021)(internal citations and quotation marks omitted). The Court need not reach this argument because, as discussed herein, the Amended Complaint fails to state a claim.

[2] *United States v. Wong*, 135 S.Ct. 1625 (2015).

[3] 28 U.S.C. § 2401(b) states, "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it is presented."

5

date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."[4] If he fails to meet either of these time constraints, his "tort claim against the United States shall be forever barred."

Recognizing that the Supreme Court has applied equitable tolling to FTCA lawsuits, the Sixth Circuit in *Zappone, supra,* applied a five-factor test in evaluating whether to save a late claim: 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive knowledge of the filing requirement; 3) the plaintiff's diligence in pursuing her rights; 4) an absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. Strict adherence to each factor may not be necessary. The Sixth Circuit recognized that a two-part test may also be appropriate in the FTCA context: 1) plaintiff has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way and prevented timely filing. *Zappone*, 870 F.3d at 556-558.

As to the first of the two limitations periods, defendant points out that the administrative tort claim (SF-95 form) was presented to the USMS on March 11, 2021- beyond two years after plaintiff's cause of action accrued (i.e., March 6, 2019). Therefore, plaintiff did not timely

---

[4] 28 U.S.C. 2675(a) states, "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

The filing of an administrative tort claim is a prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee. *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996).

6

present her claim to the USMS.

Although plaintiff had alleged in the Amended Complaint that she exhausted her administrative remedies by submitting an SF-95 administrative claim to the USMS via email on March 11, 2021 (Doc. 32 at ¶ 19), she now relies on the SF-95 form that her counsel sent to the Department of Justice by certified mail on March 2, 2021. She presents evidence that the DOJ was notified that the mail was ready for pick-up on March 5, 2021, and it was picked up on March 8, 2021. (Doc. 35 Ex. I).  However, the statute states that the claim must be submitted "to the appropriate Federal agency." As noted by the government, the USMS, not the Department of Justice, is the correct agency for plaintiff to have submitted her SF-95 form.  Plaintiff had prior notice of this fact.  According to the declaration of Jennifer Bryan, Associate General Counsel to the USMS, the USMS sent plaintiff's counsel an email on July 9, 2020, providing an SF-95 and instructions "should you wish to file a FTCA claim." (Bryan decl. Ex. D). The SF-95 form contained instructions indicating, "Claims presented under the Federal Tort Claims Act should be submitted directly to the 'appropriate Federal agency' whose employee(s) was involved in the incident."  The instructions for filing the SF-95 included the correct mailing address to submit the claim to the USMS. (*Id.* Ex. D). Plaintiff's certified mailing was addressed to the Department of Justice at a different address.[5]  The instructions on the SF-95 form also advise that the claim must be presented to the appropriate federal agency within two years after the claim accrues. Because plaintiff did not submit her SF-95 to the appropriate agency, the USMS, prior to the

---

<sup>5</sup>    The SF-95 form submitted to the USMS, via email on March 11, 2021, included the address provided by the USMS in its July 9, 2020 instructions. (Am.Compl. Ex. A).

expiration of the two-year statute of limitations, plaintiff's FTCA claim is barred.[6]

As to the second of the two limitations periods, plaintiff must bring the FTCA claim within six months after the notice of final denial of the claim by the agency to which it was presented. Moreover, plaintiff cannot institute a cause of action in district court until the administrative claim has been denied or "deemed denied." If a claimant files in district court prior to the claim being denied or deemed denied, the case must be dismissed. *McNeil v. United States*, 508 U.S. 106 (1993). Plaintiff filed her Complaint on March 5, 2021, and clearly could not have received a denial from the USMS on her administrative tort claim which was filed subsequently on March 11, 2021. Therefore, plaintiff's claim is subject to dismissal on this basis as well.

Plaintiff maintains that equitable tolling should be applied to save her untimely claim because 1) she acted diligently in pursuing her rights, 2) her counsel acted reasonably and in good faith in light of the knowledge available to him at the expiration of the statute of limitations, and 3) the government acted with prolonged refusal in providing information necessary for plaintiff to properly file her claim. Plaintiff asserts the government will not be prejudiced by the application of equitable tolling. For the following reasons, the Court agrees with the government that equitable tolling does not apply.

Plaintiff asserts she acted diligently given that she was injured on March 6, 2019, and immediately sought the assistance of counsel who began to investigate by submitting a Freedom

---

[6] The government points out that while an incorrect agency has a duty to forward the claim to the correct agency, the Department of Justice received the claim at the earliest on March 5, 2021. Therefore, the USMS would not have timely received it before the expiration of the statute of limitations period even if the DOJ had mailed it forthwith.

of Information Act (FOIA) request on April 15, 2019, to the USMS which responded on May 15, 2019, but did not mention the use of force against plaintiff or identify the officers involved. According to counsel Terry Gilbert's declaration, he finally learned the names of the officers involved through a personal contact at the USMS. Having learned the names, plaintiff again contacted the local USMS on July 9, 2020, with specific requests for information regarding the employment status of the officers. Having been informed that the only way to gain this information was through the FOIA, another FOIA request was made on July 22, 2020, to the USMS. Counsel followed up on the request multiple times between September and December 2020 directed to local USMS officers and the Washington, DC office. Although the requests were acknowledged and it was indicated that responses could be delayed, the USMS did not meaningfully respond until February 22, 2021. Even then, no new information was provided regarding the identity or status of the officers involved, and plaintiff had no way of learning that they were formally deputized members of a federal task force.

Plaintiff asserts that her counsel acted reasonably and in good faith in light of the knowledge available to him at the expiration of the statute of limitations by filing a § 1983 claim against the officers given that the USMS never revealed that the officers were acting as federal agents. Plaintiff's counsel maintains that in his experience, an officer's involvement or membership on a task force does not necessitate or imply federal employment, and a task force officer may or may not be formally deputized and/or certified as a federal employee. Counsel also had reviewed the relevant Memorandum of Understanding which noted that "each agency is responsible for the acts or omissions of its employees, and shall not be considered as the agents of any other participating agency."

Lastly, plaintiff asserts that the government acted with prolonged refusal in providing information solely in its possession necessary for plaintiff to properly file her claim. Nor would the government be prejudiced given that it did not release the necessary information until it filed Certifications in July 2021 stating that the officers were acting as special deputy United States Marshals at the time of the incident.

The Court does not find that plaintiff diligently pursued her rights so as to satisfy equitable tolling. Plaintiff was notified by email on July 9, 2020, by the USMS of the FTCA and its applicable time provisions. The email also provided instructions on how to submit an administrative claim to the USMS with the correct mailing and email addresses. A copy of an SF-95 was included with instructions. The SF-95 also had the correct mailing and email addresses.

Plaintiff maintains that the July 9, 2020 email notifying counsel of the FTCA filing requirements was merely a notification involving the transmission of general information on how to file a claim and was unavailing because the USMS had not yet provided the necessary information to determine whether the officers were deputized federal employees. However, plaintiff's counsel had responded to the email stating, "Thank you for your response, but my concern was to get the identities of the Task Force Members who committed excessive force against my client so I can file a civil rights claim in federal court, not necessarily a FTCA action, although that is a possibility..." (Doc.35 Ex. D). Thus, counsel was aware of the possibility of a FTCA claim and could have taken notice of the requirements for perfecting such a claim including the appropriate federal agency and address, and the time limitations period. Thus, counsel's due diligence in determining the employment status of the officers is irrelevant to the

fact that the SF-95 form was sent to the wrong agency at the wrong address. Moreover, counsel was obviously aware of the requirement of submitting the administrative claim prior to the expiration of the two year limitations period as evidenced by the mailing to the DOJ on March 2 without knowing the status of the officers.

For these reasons, the Amended Complaint fails to state a claim.

**Conclusion**

For the foregoing reasons, the United States of America's Motion to Dismiss the Amended Complaint is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/11/22